**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

FANYU LIN,

Petitioner,

v.

WARDEN OF ADELANTO PROCESSING CENTER, et al.,

Respondents.

Case No. 5:26-cv-04688-DFM

ORDER GRANTING IN PART UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION

Petitioner Fanyu Lin, a civil immigration detainee represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). Respondents did not appear or respond by the Court-set deadline. See Dkt. 5. That default does not itself entitle Petitioner to relief, see Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990), so the Court treats the Petition's well-pleaded allegations as uncontested and reaches the merits.

## II. BACKGROUND

Petitioner is a native and citizen of the People's Republic of China who entered the United States without inspection on or around June 11, 2024, was apprehended by Immigration and Customs Enforcement ("ICE") on that date, and was charged as inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") on June 13, 2024. See Petition ¶¶ 1,

23-24. On or about June 13, 2024, ICE released Petitioner from custody on her own recognizance per section 236 of the INA. See id. ¶ 25. Petitioner thereafter remained at liberty for over two years. See id. ¶¶ 25, 30. During this time, Petitioner applied for asylum, made good-faith efforts to comply with ICE's reporting requirements, worked to support herself, and lived openly and peacefully in the community. See id. ¶ 27.

On or about February 15, 2026, Petitioner was arrested for an alleged violation of California Penal Code section 647(b), a misdemeanor offense. See id. ¶ 28. She was released that same day. See id. To date, no criminal charges have been filed against Petitioner. See id.

On or about July 15, 2026, Petitioner reported to ICE as directed. See id. ¶ 29. ICE continued Petitioner's release and directed Petitioner to report again on September 28, 2026. See id.

On or about August 8, 2026, Petitioner received a telephone call from an ICE officer directing her to come outside her residence. See id. ¶ 30. Petitioner complied with the officer's instruction and was immediately taken into ICE custody. See id. Petitioner was not presented with a warrant upon arrest. See id. ¶ 31. Petitioner was not afforded advance notice, a pre-deprivation hearing, or any meaningful opportunity to contest the alleged basis for her re-detention. See id. ¶¶ 33, 35.

## III. DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas jurisdiction extends to noncitizens challenging the constitutionality of their immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).

According to the uncontested facts, Petitioner was previously released on her own recognizance per 8 U.S.C. § 1226. See Petition ¶ 25. No

administratively final removal order has issued, so Petitioner's detention remains governed by 8 U.S.C. § 1226, not § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 533-34 (2021). The record neither discloses the provision Respondents invoke regarding Petitioner's detention nor includes a copy of the instrument of the June 2024 release, but the analysis below turns on neither. Exhaustion is prudential, see Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011), and not argued by the non-appearing Respondents.

The Due Process Clause protects a person's interest in conditional liberty once they have been released. The Supreme Court has held that such liberty "is valuable and must be seen as within the protection of" the Clause, and its termination "calls for some orderly process." Morrissey v. Brewer, 408 U.S. 471, 482 (1972). A noncitizen released from immigration custody who remains at liberty and complies with the conditions of release acquires a protected interest in their continued release. Petitioner acquired such liberty interest when the government released her in June 2024, and she remained at liberty for over two years.

The sufficiency of the procedures attending a deprivation of liberty is assessed under the three-factor framework of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), which weighs (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of additional process. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (applying Mathews to immigration detention).

Each factor favors Petitioner. The private interest—freedom from confinement after over two years at liberty—is substantial. The risk of erroneous deprivation is high because Petitioner received neither notice nor a meaningful opportunity to be heard. And no governmental interest appears:

Respondents assert no danger, flight risk, violation of release conditions, or changed circumstances. The re-detention violated procedural due process.

The unopposed remedy is release restoring the status quo ante—the conditions of Petitioner's prior release. That disposition affords complete relief, so the Court does not reach the substantive due process or INA claims or the injunction request, and expresses no view on any future re-detention on a different record.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition is GRANTED in part.

2. Respondents shall immediately release Petitioner Fanyu Lin (A# 226-094-917) from custody on the conditions of release in effect immediately before her August 8, 2026 re-detention. Upon release, Respondents shall return Petitioner's personal belongings, including her cellular phone.

3. Within five (5) days, Respondents shall file a status report confirming compliance with paragraph 2.

4. Petitioner's additional requests for relief are DENIED.

5. Any application for fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, shall be filed in accordance with that statute.

Date: August 31, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge